10 481
73 483
10 481
3ap392

JOHN B. BURNET AND JOHN W. BARKER, COMMITTEE, ETC., OF MOSES D. BURNET, A LUNATIC, APPELLANTS, *v.* JEAN E. BOOKSTAVER AND DANIEL BOOKSTAVER, RESPONDENTS.

*Committee of estate and person of lunatic — cannot bring action of ejectment.*

The committee of the estate and person of a lunatic cannot bring, in his own name, an action to recover the possession of real property alleged to have belonged to the lunatic prior to his appointment.

Such action must be brought in the name of the lunatic.

Such a committee is not the trustee of an express trust, within the meaning of section 113 of the Code of Procedure.

APPEAL from an order of the Special Term nonsuiting the plaintiff herein, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Hiscock, Gifford & Doheny*, for the appellants. The committee in whose names, as plaintiffs, this action was brought are "trustees of an express trust," and as such entitled to maintain it as brought by them. (Code of Procedure, § 113; Wait's Practice, vol. 1, p. 105; *Persons* v. *Warren*, 14 Barb., 488, 491, 496; *Davis* v. *Carpenter*, 12 How., 287; *Thomas* v. *Bennett*, 56 Barb., 197.) The objection should have been taken by demurrer under section 148 of the Code, and not having been so taken, the same was waived. (*Robbins* v. *Wells*, 26 How., 15; *Palmer* v. *Davis*, 28 N. Y., 242; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 id., 648; *Van Amringe* v. *Barrett*, 8 Bosw., 357.)

*Ruger & Jenney*, for the respondents. An action at law to recover the possession of real property belonging to a lunatic must be brought in the name of the lunatic. (*Petrie* v. *Shoemaker*, 24 Wend., 85; 1 Hill, 97; 8 Barb., 552; *Fields* v. *Parsons*, 9 N. Y. S. C. [1 Hun], 400.)

MULLIN, P. J.:

The plaintiffs, as the committee of the person and estate of Moses D. Burnet, bring this action to recover the possession of certain real estate in the city of Syracuse which belonged to the lunatic before the appointment of the plaintiffs as his committee, alleged to have been illegally entered upon, and to be illegally withheld by the defendants.

The defendant Jean in her answer denies the complaint, and as a further defense alleged that in consideration that she would remove from her residence at Dunkirk and occupy the premises in question in the suit, and take care of said Burnet and wife (they furnishing their own support) during their lives and the life of each of them, he, said Burnet, would, by will, devise said property to said Jean in fee, or convey the same to her by deed. She avers that, in pursuance of the said agreement, she removed to Syracuse

and went into possession of said premises and took care of said Burnet and wife, and is therefore entitled to a conveyance of said premises.

On the trial at the Onondaga Circuit in May, 1876, the plaintiffs proved their appointment as committee of the person and estate of said Burnet, and the possession of defendants, and rested.

The defendants then moved that plaintiffs be nonsuited, because the action should have been brought in the name of the lunatic and not in the names of the committee.

The motion was granted and the plaintiffs nonsuited.

The plaintiffs' counsel asked leave to amend by altering the title of the action, so that it should be brought by the lunatic by his committee, but the court refused to allow the amendment.

The plaintiffs' counsel moved for a new trial on the judge's minutes, which was refused.

The plaintiffs appeal from the order directing the nonsuit, and from the order refusing a new trial.

Before the enactment of the Code of Procedure both legal and equitable actions on behalf of lunatics were required to be brought in their names by the committee of their persons and estates, except in equity, when the action was to set aside a deed or the act of the lunatic on grounds of insanity, the action might be brought in the name of the committee. (*Petrie* v. *Shoemaker*, 24 Wend., 85 ; *Lane* v. *Schermerhorn*, 1 Hill., 97 ; 2 Barb. Ch. Pr., 223.)

In 1845, the legislature passed an act entitled "An act in relation to the powers of receivers and committees of lunatics and habitual drunkards." (Chapter 112 of the Laws of that year.)

By the second section of that act committees of lunatics, etc., appointed by order of the Court of Chancery, were authorized to sue in their own names for any debt, claim or demand, transferred to them or to the possession and control of which they are entitled.

As to all other causes of action the lunatic was still a necessary party.

The reason why the action was required to be brought in the name of the lunatic was, that the legal interest in the subject of the action was in him and not in his committee.

Section 111 of the Code requires the action to be prosecuted in the name of the real party in interest, except as otherwise provided

in section 113. Section 113 provides, that an executor or administrator, a trustee of an express trust, or person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted.

The appellants' counsel insists that the plaintiffs, as the committee of the person and estate of the lunatic, are the trustees of an express trust within the meaning and intent of this action, and as such can maintain the action in their own names.

Story, in his Commentaries on Equity (second volume, section 964), defines a trust as follows: " A trust in the most enlarged sense in which that term is used in English jurisprudence, may be defined to be an equitable right, title or interest in property, real or personal, distinct from the legal ownership thereof."

In the introduction to Hill on Trustees, a trustee is defined to be " a person in whom some estate, interest or power in or affecting property of any description is vested for the benefit of another." The author then proceeds as follows: " This definition would include executors and administrators, guardians of infants and committees of lunatics, as thus filling a fiduciary situation. It would also extend to bailees, factors and agents, whose duties in their fiduciary characters are recognized and enforced at common law." ·

The trustee treated of in his work is not embraced in either of the classes last named, but is the person recognized as such by and is amenable only to courts of equity.

It is one of the essential elements of a trust, that the title to, or some interest in, property should vest in the trustee to be held for the benefit of another.

Before the Code it was held, as already stated, that the committee of a lunatic could not maintain an action of ejectment in his own name for lands of the lunatic, because the committee has no estate in the lands. (*Petrie* v. *Shoemaker*, 24 Wend., 85.)

In *Lane* v. *Schermerhorn* (1 Hill, 97), BRONSON, J., after referring to the decision last cited, and reaffirming the principle laid down in it, adds: " The committee is a mere bailiff or servant, and the interest and right of action remain in the lunatic."

The act of 1845 above cited gives to the committee a power to sue for claims due to the lunatic, and, as a conveyance, gives to him an interest in the claim sufficient to maintain the action, but no

legal interest is given to the committee in any other property of the lunatic.

The law, as it existed when the cases in 24 Wendell and 1 Hill were decided, has never been changed, and the committee of a lunatic has no greater estate or interest in the real estate of the lunatic now than he had then.

Is the committee of a lunatic the trustee of an express trust? The term "express trust" is not to be limited to express trusts defined in the Revised Statutes, but embraces all valid trusts, the duties and purposes of which are expressly defined as distinguished from implied or constructive trusts.

By section 1, title 2, chapter 5, part 2 of the Revised Statutes (vol. 3, p. 134, § 1 [5th ed.]), it is provided that the Supreme Court shall have the care and custody of all idiots, lunatics and persons of unsound mind, and of their real and personal estates, so that the same shall not be wasted or destroyed, and shall provide for their safe keeping and maintenance, and for the maintenance of their families, etc.

The court, and not the committee, is the trustee of the property of the lunatic, and the committee is the mere servant or bailiff of the court to carry into effect its directions, concerning the management and disposition of the estate.

In equity, the committee of a lunatic has been permitted to maintain an action to set aside a deed or other instrument executed by the lunatic when insane. (*Person* v. *Warren*, 14 Barb., 488; *Fields* v. *Fowler*, 2 Hun, 400.) But I do not find that the committee has ever been permitted to maintain a purely legal action in his own name

I am therefore of the opinion that the learned judge was right in nonsuiting the plaintiff.

Why he refused leave to plaintiff to amend by making the lunatic the plaintiff is not disclosed, but we are bound to presume that it was properly refused. Had it been granted, it must have been upon terms of paying the whole costs up to and including the trial. After the nonsuit he would have been permitted to amend upon the same terms.

The order denying the motion for a nonsuit is affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment and order affirmed.